**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DENISE NAILS,**
      **Plaintiff,**

**vs.**                           **Case No: 3:09cv394/MCR/MD**

**PENSACOLA COVENANT HOSPICE, et al.,**
      **Defendants.**
_____

**ORDER and
REPORT AND RECOMMENDATION**

      **This cause is before the court upon plaintiff's *pro se* amended complaint (doc. 8) filed pursuant to 42 U.S.C. § 1983, and her motion to proceed *in forma pauperis* (doc. 9). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, upon review of plaintiff's amended complaint, the court concludes that plaintiff has not presented and cannot present an actionable claim, and that dismissal is therefore warranted.**

      **Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those**

facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

In this civil rights action, plaintiff is suing Pensacola Covenant Hospice ("PCH"), which she identifies as a "business corporation;" Dale Knee, Director of PCH; and Beth Kenward, Officer Manager of Covenant Hospice in Dothan, Alabama. Plaintiff complains that she was "disreguard [sic] for volunteer employement [sic]" on the basis of her race. She further complains that she was not allowed to make a choice of the time or days she could volunteer, unlike white volunteers. Claiming violation of her rights under "civil law Rule 42 discrimination against race," plaintiff seek monetary damages and "a letter stating that I can work as a volunteer for all Covenant Hospice associated with the Pensacola Covenant Hospice offices." (Doc. 8).

Plaintiff's claims are not actionable under § 1983, because plaintiff fails to allege facts showing that any defendant is a state actor. In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived her of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* at 1303.

Notably, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted). In the instant case, plaintiff's allegations do not remotely suggest the kind of joint action <u>with state actors</u> that would subject these private party defendants to § 1983 liability. Thus, her claims must be dismissed.[1]

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 9) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 30th day of September, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]It is unclear whether plaintiff is also attempting to assert a Title VII employment discrimination claim. However, her allegations fail to suggest that volunteers of Pensacola Covenant Hospice are paid or otherwise qualify as employees under Title VII. Moreover, she does not indicate that she exhausted her administrative remedies by filing an EEOC charge and receiving a Notice of Right to Sue letter, all of which are prerequisites to filing a Title VII suit.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**